(49 Misc. Rep. 285.)

### In re O'NEILL.

(Surrogate's Court, Kings County.  January, 1906.)

EXECUTORS AND ADMINISTRATORS—SALE OF LAND—APPLICATION.

Under Code Civ. Proc. § 2756, requiring the surrogate to determine if proceedings for the sale of real estate of the decedent to pay debts have been in conformity with the provisions of the Code, where an application by a widow alleges that the names and number of the heirs at law of the deceased are not known, and that she does not know of any persons claiming to be such, it is insufficient to enable the court to order the sale, where there is no statement that any effort has been made to ascertain the heirs, nor as to whom the heirs were of whom petitioner heard 17 years ago.

[Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, §§ 1385–1388.]

In the matter of the application of Julia O'Neill, administratrix of John O'Neill, to sell land to pay debts.  Application denied.

Arthur C. Leach, for petitioner.

CHURCH, S.  By the amendment to the Code made by chapter 750, p. 1907, of the Laws of 1904, it is no longer necessary for the surrogate, upon the hearing in a proceeding of this character, to determine the validity of the obligations against the deceased or the priorities of the same; but under sections 2752 and 2756 of the Code it is sufficient if it appears that the personal property of the deceased is inadequate to pay the debts.  As it is evident from the testimony herein that the funeral bill is unpaid and that there is practically no personal property, enough has been shown to authorize a decree for the sale of decedent's real estate, and I should do so, were it not for the provision of section 2756 which requires that the surrogate shall determine if the proceedings have been in conformity with that title of the Code.

This application is made by the widow.  None of the heirs at law of the deceased are cited by name.  A citation has been published as against unknown heirs; but the allegations of the petition, in my judgment, disclose that insufficient effort has been made to ascertain whether there are any known heirs.  The allegations therein set forth are briefly as follows:

"That the names and number of the heirs, if any, of decedent, are unknown to your petitioner, except that the name of each such heir when last heard of by your petitioner about 17 years ago was O'Neill; that your petitioner does not know whether there are any persons claiming under such heirs."

It will be observed that the above averment is simply one of negation on the part of the widow of the deceased.  There is no statement that the slightest effort has been made to ascertain those heirs.  There is no statement as to whom the heirs were whom the petitioner heard of 17 years ago.  In other words, these allegations could be made with

perfect truth by the petitioner, and still there be heirs of the deceased within the reach of personal service in this county. Before a person's heirs, whether known or unknown, can be cut off by a proceeding of this character, the person commencing the proceeding should institute diligent inquiry to discover who and where they are, and should submit the facts showing such inquiry to the court. A mere negative statement, or a mere statement which amounts to a conclusion of law, that there are no known heirs, is, in my judgment, insufficient.

Decreed accordingly.